**WO**

# IN THE UNITED STATES DISTRICT COURT

# FOR THE DISTRICT OF ARIZONA

|  |  |
|---|---|
| Rigz LLC, et al., | No. CV-26-08007-PCT-DJH |
| Plaintiffs, | **ORDER** |
| v. | |
| Red Rock Sourcing LLC, et al., | |
| Defendants. | |

On April 3, 2026, Plaintiffs Rigz, LLC, Jarrett Portz, and Anthony Carelli (collectively, "Plaintiffs") filed a Motion for Extension of Time to Serve Summons, Complaint, and Preliminary Order on Randy Toltz and Kimberly Toltz and for Authorization of Alternative Service (Doc. 15). In their Motion, Plaintiffs request a 45-day extension of the current April 13, 2026, service deadline and to serve Defendants Randy Toltz and Kimberly Toltz (collectively, the "Toltz Defendants") by alternative means. (*See generally id.*). Toltz Defendants have not yet appeared in this matter.

## I.     Background

Plaintiffs are engaged in the business of wholesaling products and were engaged with Defendant Red Rock in a long-term distribution relationship. (*See generally* Doc. 1). During the COVID-19 Pandemic, the Urbane-level hand sanitizer that Defendants sold to Plaintiffs was listed as unsafe by the FDA. (Doc. 15 at 2). Following this development, the parties entered into a Confidential Settlement Agreement concerning the disputed products. (*Id.*) Plaintiffs have now brought the current action, claiming that Defendants

breached the Agreement.  (*Id.* at 2–3).

Plaintiffs initially brought this matter in Mohave County Superior Court, but the case (the "Mohave Action") was dismissed under the doctrine of *forum non conveniens* on December 12, 2025.  (*Id.* at 3).  In their state court action, Plaintiffs were able to successfully complete personal service on the Toltz Defendants at 22354 Uintah Road, Cedaredge, CO 81413 on May 13, 2025.  (*Id.*)  Plaintiff asserts that all Defendants were represented by attorney Michael Van of VC2 Law throughout the Mohave Action.  (*Id.*)  Upon dismissal of the Mohave Action, Plaintiffs filed an identical action in this District and have effectuated service on most Defendants.  Plaintiffs now claim that they have been unable to serve Toltz Defendants, despite their diligent efforts.  (*Id.*)  Plaintiffs' efforts to serve Toltz Defendants include: several requests for Mr. Van to accept service on behalf of Defendants; attempts at personal service at the Uintah address on February 11, 12, 16, and 17, 2026; hiring a field agent to observe the Uintah address for activity; emailing Mr. Toltz at this last known email address; contacting counsel for Defendant Coronado Distributing to accept service; mailing certified copies of the Complaint, Summons, and Preliminary Order; and conducting three further personal service attempts at the Uintah address on March 22, 27, and 28, 2026.  (*See* Doc. 15-1).

**II.    Discussion**

The Court will first address Plaintiffs' request for an extension of time, then turn to the request for alternative service.

**A.    Extension of Time**

Plaintiff filed this action on January 13, 2026, and the current service deadline is April 13, 2026.  Plaintiffs argue that good cause exists to grant a 45-day extension of the April 13 deadline, due to their diligent efforts to serve and Toltz Defendants' possible attempts to evade service.  (Doc. 15 at 5–7).

Under Federal Rule of Civil Procedure 4(m), service of the summons and complaint must be accomplished on each named defendant within 90 days after filing the Complaint.  *See* Fed. R. Civ. P. 4(m).  If good cause is shown, a court "shall extend the service period

under Rule 4." *In re Sheehan*, 253 F.3d 507, 514 (9th Cir. 2001).  The Ninth Circuit has recognized that "[a]t a minimum, 'good cause' means excusable neglect."  *Id*. (quoting *Boudette v. Barnette*, 923 F.2d 754, 756 (9th Cir. 1991).  A plaintiff "may be required to show the following factors in order to bring the excuse to the level of good cause: '(a) the party to be served received actual notice of the lawsuit; (b) the defendant would suffer no prejudice; and (c) plaintiff would be severely prejudiced if his complaint were dismissed.' " *Id*. (quoting *Boudette*, 923 F.2d at 756).  The Ninth Circuit has held district courts have "broad discretion to either grant an extension of time, or to dismiss an action entirely, for failure to effect service [and that] [t]his discretion necessarily includes latitude to limit the length of any extension the court grants." *Jones v. Auto. Club of S. California*, 26 F. App'x 740, 742 (9th Cir. 2002).

The Court finds that good cause for the requested extension exists here.  When a plaintiff has been reasonably diligent in their service efforts and encountered difficulties completing service, courts often find that an extension of the service deadline is warranted. *See*, *e.g.*, *DPG Investments LLC v. Anderson*, 2020 WL 8482971, *1-2 (D. Ariz. 2020); *MLB Sales Incorporated v. RK Gems LLC*, 2023 WL 8376178, *1-2 (D. Ariz. 2023).  As detailed above, Plaintiffs have been more than diligent in their efforts to serve Toltz Defendants.  Therefore, Plaintiffs' request for an extension of time is granted.

### B. Alternative Service

Having demonstrated multiple unsuccessful attempts to personally serve Toltz Defendants, Plaintiffs request that the Court permit service upon the Toltz Defendants by: 1) sending the necessary documents to Toltz Defendants' last known email address as well as their Facebook and Instagram accounts, and 2) serving Toltz Defendants' via substituted service on their former attorney, Michael Van.  (Doc. 15 at 8).

Before a federal court may exercise personal jurisdiction over a defendant, the defendant must be served in accordance with Federal Rule of Civil Procedure 4. *Benny v. Pipes*, 799 F.2d 489, 492 (9th Cir.1986), *amended by* 807 F.2d 1514 (9th Cir. 1987). Federal Rule 4(e)(1) permits service by "following state law for serving a summons in an

- 3 -

action brought in courts of general jurisdiction in the state where the district court is located or where service is made[.]" Fed. R. Civ. P. 4(e)(1).  Arizona Rule 4.1(k) authorizes alternative means of service "within Arizona," and provides the following procedure:

> (1)  [] If a party shows that the means of service provided in Rule 4.1(c) through Rule 4.1(j) are impracticable, the court may-on motion and without notice to the person to be served-order that service may be accomplished in another manner.
>
> (2)  Notice and Mailing. If the court allows an alternative means of service, the serving party must make a reasonable effort to provide the person being served with actual notice of the action's commencement. In any event, the serving party must mail the summons, the pleading being served, and any court order authorizing an alternative means of service to the last-known business or residential address of the person being served.

Ariz. R. Civ. P. 4.1(k)(1)–(2).  The impracticable standard "does not mean impossible, but rather that service would be extremely difficult or inconvenient.  This standard requires something less than the 'due diligence' showing required before service by publication may be utilized." *Bank of N.Y. Mellon v. Dodev*, 433 P.3d 549, 558 (Ariz. Ct. App. 2018) (internal citation and quotations omitted).

Additionally, Colorado Rules of Civil Procedure 4(f) provides:

> In the event that a party attempting service of process by personal service under section (e) is unable to accomplish service, and service by publication or mail is not otherwise permitted under section (g), the party may file a motion, supported by an affidavit of the person attempting service, for an order for substituted service. The motion shall state (1) the efforts made to obtain personal service and the reason that personal service could not be obtained, (2) the identity of the person to whom the party wishes to deliver the process, and (3) the address, or last known address of the workplace and residence, if known, of the party upon whom service is to be effected.

Colo. R. Civ. P. 4(f).[1]  If the court is satisfied that due diligence was used in attempted personal service, further personal service attempts would be unavailing, and the person

---

[1] Plaintiffs have previously served Toltz Defendants at their Uintah address in Colorado and have provided documentation showing that Toltz Defendants own the property at the Uintah address.  (*See* Doc. 15-1 at 35–38).

receiving substituted service is reasonably calculated to give actual notice to the party, then service of process by mail on the substituted party may be authorized. *Id.*

If alternative service of process is appropriate, any proposed alternative method of service must comport with constitutional notions of due process. *Rio Props., Inc. v. Rio Int'l Interlink*, 284 F.3d 1007, 1016 (9th Cir. 2002). To meet such a requirement, the alternative method of service "must be 'reasonably calculated under all the circumstances, to apprise the interested parties of the pendency of the action and afford them an opportunity to present their objections.'" *Id*. at 1016–17 (quoting *Mullane v. Cent. Hanover Bank & Trust Co*., 339 U.S. 306, 314 (1950)).

Here, the Court finds that alternative service is appropriate. First, at least seven personal service attempts on the Toltz Defendants have proven unsuccessful, and there is no indication that further attempts would prove successful. These attempts, amongst the other avenues Plaintiffs attempted to effectuate service, demonstrate due diligence. *See*, *e.g.*, *Palm Street Capital LLC v. Xie*, 2022 WL 22855264, *2 (N.D. Cal. 2022) ("Plaintiffs have diligently attempted to personally serve Defendant, attempting to do so four separate times."). Next, given the Mohave Action, service upon the other Defendants in this matter, communications with Toltz Defendants' previous attorney, and emails sent to Mr. Toltz last known email address, Toltz Defendants likely already have notice of this action. *See*, *e.g.*, *Cong v. Zhao*, 2023 WL 7000888, *3 (W.D. Wash. 2023) ("Defendant likely has actual notice of this action. Plaintiff previously contacted Defendant's lawyer [], who promised to relay the content of Plaintiff's call regarding the dispute."). Not to mention, these repeatedly failed efforts indicate that Toltz Defendants may be evading service. *United States v. Dockstader*, 2025 WL 2770889, *1 (D. Ariz. 2025) ("[P]laintiff's repeated service attempts indicate [defendant] likely 'has intentionally avoided service of process' at the Heritage Lane address."). This inference is strengthened by the process server's observation of activity at the Uintah address. (*See* Doc. 15-1 at 40–41).

Furthermore, the Court finds that the alternative means of service proposed by Plaintiffs are reasonably calculated to provide notice. Service by email has been routinely

accepted as an adequate alternative means of service. *See Rio Props.*, 284 F.3d at 1016; *BMO Harris Bank, N.A. v. Guthmiller*, 2014 WL 2600362, *3-4 (D. Ariz. 2014). Plaintiffs have also clarified that in contacting Mr. Toltz's last known email address, rtoltz@coronadodistributing.com, they did not receive any notification that the account was not in service. (Doc. 15-1 at 5). Moreover, Plaintiffs have identified social media accounts affiliated with the Toltz Defendants and shown that their Instagram and Facebook accounts are in use. (*See id.* at 5, 48–51).

Finally, under Colo. R. Civ. P. 4(f), "[s]ubstituted service on a former attorney can also be granted when such service will reasonably apprise the defendant of the lawsuit." *Leonite Fund I, L.P. v. Hawaii Brewery Dev. Co. Inc.*, 2025 WL 2606706, *2 (D. Colo. 2025). In *Leonite*, the court determined that substituted service on the defendant's former attorney was sufficient to give notice because the attorney had represented the defendant in a related case, the defendant engaged in the related case, and the defendant, despite presumably being aware of the case, was attempting to evade service. *Id.* at *3; *see also Sandia Lab'y Fed. Credit Union v. Burg*, 2024 WL 4728025, *4-5 (D. Colo. 2024) (concluding that substituted service on a former attorney who represented a defendant in a related matter was reasonably calculated to provide both a husband and wife defendant with notice). Like *Leonite* and *Sandia*, attorney Michael Van represented Toltz Defendants in the Mohave Action, which was identical to the present case, and Toltz Defendants participated in the prior proceedings. "As [their] former…attorney on matters directly related to the current matter, substituted service upon [Mr. Van] is appropriate because it will reasonably give [Toltz Defendants] notice of the lawsuit and it comports with due process." *Sandia*, 2024 WL 4728025 at *4.

All that said, the Court will impose an additional service requirement. To ensure Toltz Defendants have notice, Plaintiffs must post the Summons, Complaint, and a copy of this order on the front door (or some equally conspicuous place) of Defendants' Uintah address.

Accordingly,

**IT IS ORDERED** that Plaintiff's Motion for Extension of Time to Serve Summons, Complaint, and Preliminary Order on Randy Toltz and Kimberly Toltz and for Authorization of Alternative Service (Doc. 15) is **GRANTED**.  Plaintiffs' new service deadline is **May 28, 2026**.  Plaintiff shall serve Toltz Defendants as follows: via email at rtoltz@coronadodistributing.com; by messaging their identified Instagram and Facebook accounts; by substituted service on Michael Van of VC2 Law, 8985 South Eastern Avenue, Suite 100, Las Vegas, Nevada 89123; and by posting the necessary documents on the front door of 22354 Uintah Road, Cedaredge, CO 81413.  Service must include: the Complaint, Summons, Preliminary Order, Plaintiff's Motion for extension of time and alternative service, and this Order.

**IT IS FURTHER ORDERED** that that proof of service upon each Defendant must be filed with the Court **by May 28, 2026**.

Dated this 7th day of April, 2026.

Honorable Diane J. Humetewa
United States District Judge