**WO**

# IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Rigz LLC, et al.,<br><br>　　　　　Plaintiffs,<br><br>v.<br><br>Red Rock Sourcing LLC, et al.,<br><br>　　　　　Defendants. | No. CV-26-08007-PCT-DJH<br><br>**ORDER** |

Plaintiffs Rigz LLC, Jarrett Portz, and Anthony Carelli (collectively, "Plaintiffs") filed the Complaint (Doc. 1) in this case on January 13, 2026. Defendants Tom and Lori Bruss (the "Bruss Defendants") were served on February 10, 2026 (Docs. 7 & 8); Defendant Red Rock Sourcing LLC ("Red Rock") was served on March 7, 2026 (Doc. 11); Defendants Jeff and Anchasa Daprizio (the "Daprizio Defendants") were served on March 7, 2026 (Docs. 12 & 17); and Defendant Coronado Distributing LLC ("Coronado") was served on March 28, 2026 (Doc. 14) (collectively, "Moving Defendants"). When the Moving Defendants failed to timely respond to the Complaint, Plaintiffs applied for Entry of Default against them. (Doc. 18). The Clerk entered default against the Moving Defendants on April 27, 2026. (Doc. 19).

The following day Moving Defendants finally appeared by filing a Motion to Transfer Venue (Doc. 20) pursuant to 28 U.S.C. § 1404(a).[1] They then collectively filed

---

[1] The Motion to Transfer initially included Defendants Randy Toltz and Kimberly Toltz (the "Toltz Defendants"). (*See* Doc. 20 at 1). However, since its filing, Toltz Defendants have obtained separate counsel, submitted a Notice of Withdrawal from the Motion to Transfer (Doc. 29), and on May 27, 2026, filed a Motion for Judgment on the Pleadings

an Answer on April 29, 2026. (Doc. 21).[2]    The Motion to Transfer is fully briefed. (Docs. 23 & 26). Despite this procedural posture, Moving Defendants have not sought to set aside the entries of default against them, and Plaintiffs have not sought default judgment against Moving Defendants.

The Court will order Moving Defendants to show cause why their untimely Answer should not be stricken in light of their default status. Moving Defendants' request to transfer this matter to the District of Nevada will be denied.

**I.    Legal Standard**

Courts generally presume the plaintiff's choice of venue is convenient. *Piper Aircraft Co. v. Reyno*, 454 U.S. 235, 256–57 (1981) ("When the home forum has been chosen, it is reasonable to assume that this choice is convenient."); *Carijano v. Occidental Petroleum Corp.*, 643 F.3d 1216, 1227 (9th Cir. 2011) ("When a domestic plaintiff initiates litigation in its home forum, it is presumptively convenient."). However, "[f]or the convenience of parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought or to any district or division to which all parties have consented." 28 U.S.C. § 1404(a).

Motions to transfer under § 1404(a) are considered on a case-by-case basis, and the ultimate decision rests in the district court's discretion. *Jones v. GNC Franchising, Inc.*, 211 F.3d 495, 498 (9th Cir. 2000). A motion to transfer venue under § 1404(a) requires the court to weigh multiple factors in deciding whether transfer is appropriate in a particular case. *See Stewart Org., Inc. v. Ricoh Corp.*, 487 U.S. 22, 23 (1988). Such factors include:

(1) the location where the relevant agreements were negotiated and executed,
(2) the state that is most familiar with the governing law, (3) the plaintiff's

(Doc. 30). The Court acknowledges Toltz Defendants' withdrawal from the Motion to Transfer and will rule upon Toltz Defendants' Motion for Judgment on the Pleadings by separate order after the Motion is fully briefed.

[2] On April 7, 2026, Plaintiffs sought and were granted an extension of time to May 28, 2026, to file proof of service on the Toltz Defendants. Plaintiffs have failed to file their proof of service, but the Toltz Defendants have since appeared and have not contested service. The Answer thus appears timely as to the Toltz Defendants only.

choice of forum, (4) the respective parties' contacts with the forum, (5) the contacts relating to the plaintiff's cause of action in the chosen forum, (6) the differences in the costs of litigation in the two forums, (7) the availability of compulsory process to compel attendance of unwilling non-party witnesses, and (8) the ease of access to sources of proof.

*Jones*, 211 F.3d at 498–99. "The burden is on the moving party to establish that a transfer would allow a case to proceed more conveniently and better serve the interests of justice." *Florens Container v. Cho Yang Ship.*, 245 F. Supp. 2d 1086, 1088 (N.D. Cal. 2002).

## II.     Discussion

Moving Defendants contend that the United States District Court for the District of Nevada offers a more convenient alternative forum to litigate this matter. (Doc. 20 at 6). In so arguing, Moving Defendants claim that Nevada is more convenient for witnesses, most relevant documents to be exchanged are located in Nevada, the Settlement Agreement underpinning this case was negotiated in Nevada, the Agreement is governed by Nevada law, and Moving Defendants do not have the means to litigate this matter in Arizona. (*See id.* at 6–9). While the Court has access to the Settlement Agreement and can ascertain that it is indeed governed by Nevada law (*see* Doc. 1-7 at 4), Moving Defendants' other contentions are wholly unsupported by any corroborating documentation. (*See generally* Docs. 20, 26). *See also Sung v. Bussio*, 2013 WL 6086030, at *5 (N.D. Cal. 2013) ("Parties must also support motions to transfer with proper evidence establishing the factual basis their arguments. Because neither party has provided any declarations providing factual support for its position, the court denies the motion, but without prejudice.") (internal citation omitted); *Ward v. Crow Vote LLC*, 2021 WL 5927803, at *9 (C.D. Cal. 2021) (holding that defendant's "one self-serving declaration averring to a limited set of facts which suggest that venue would be more convenient in Arizona" was insufficient evidence supporting appropriateness of transfer). Moving Defendants' briefing also lacks, almost entirely, any caselaw or authority to buttress their arguments. (*See generally* Docs. 20, 26).

"The general rule is that a plaintiff's choice of forum is afforded substantial weight." *Williams v. Bowman*, 157 F. Supp. 2d 1103, 1106 (N.D. Cal. 2001). In this case, Moving Defendants' purported concerns do not outweigh that significant consideration. The

- 3 -

availability of electronic discovery, for example, largely negates Moving Defendants' alleged difficulty in transporting documents from one forum to another.  And as several Defendants are located in Colorado, participating in this case will require some amount of travel regardless of whether it occurs in Arizona or Nevada.  "Furthermore, unlike a forum selection clause, a choice-of-law provision is not generally determinative in resolving a motion to transfer." *GLT Technovations, LLC v. Fownes Bros. & Co.*, 2012 WL 1380338, at *6 (N.D. Cal. 2012).

With the foregoing points in mind, Moving Defendants have not met their burden of showing that the inconvenience of litigating in this forum favors transfer.  *See Civello v. Equinix, Inc.*, 2025 WL 660247, at *1 (N.D. Cal. 2025) ("In order to meet its burden, the moving party must present affidavits or declarations to establish facts supporting transfer.").

Accordingly,

**IT IS ORDERED** that Defendants' Motion to Transfer Venue (Doc. 20) is **DENIED**.

**IT IS FURTHER ORDERED** that Moving Defendants shall show cause **within seven (7) days of this Order** as to why their untimely Answer (Doc. 21) should not be struck from the record.

Dated this 9th day of June, 2026.

Honorable Diane J. Humetewa
United States District Judge

- 4 -