**WO**

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF ARIZONA**

| | |
|---|---|
| Rigz LLC, et al.,<br>Plaintiffs,<br>v.<br>Red Rock Sourcing LLC, et al.,<br>Defendants. | No. CV-26-08007-PCT-DJH<br>**ORDER** |

Currently before the Court is a Motion to Set Aside Default (Doc. 34) filed by Defendants Red Rock Sourcing LLC, Coronado Distributing LLC, Tom Bruss, Lori Bruss, Jeff Daprizio, and Anchasa Daprizio (collectively, the "Red Rock Defendants") on June 16, 2026. Plaintiffs Rigz LLC, Anthony Carelli, and Jarrett Portz (collectively, "Plaintiffs") then filed a Response (Doc. 40), and Red Rock Defendants' Reply (Doc. 42) followed.

## I. Background

Plaintiffs initially filed suit against Red Rock Defendants, in addition to Defendants Randy and Kimberly Toltz who are not implicated in the present dispute, on January 13, 2026. In brief, Plaintiffs allege that Defendants have breached a Settlement Agreement that was entered into by all parties to resolve a prior lawsuit. (*See generally* Doc. 1). Over the next several months, Plaintiffs executed service upon the individual Red Rock Defendants. (*See* Docs. 7–14).

On April 24, 2026, Plaintiffs filed an Application for Entry of Default (Doc. 18),

requesting that default be entered against each of the Red Rock Defendants due to their failure to timely answer the Complaint. The Clerk of Court entered default against the Red Rock Defendants on April 27, 2026. (Doc. 19).

Following the entry of default, Red Rock Defendants filed a Motion to Transfer Venue (Doc. 20) on April 28, 2026. Red Rock Defendants subsequently filed an Answer (Doc. 21) to Plaintiffs' Complaint on April 29, 2026.

The Motion to Transfer was fully briefed by the parties. (*See* Docs. 23, 26). In ruling on the Motion to Transfer, the Court noted that Red Rock Defendants were in default and had not moved to set aside default. (Doc. 33 at 2). Therefore, the Court ordered Red Rock Defendants to show cause as to why their Answer should not stricken in light of their default status. (*Id.* at 4). Red Rock Defendants' current Motion to Set Aside Default followed the Court's Order.

## II. Legal Standard

Under Federal Rule of Civil Procedure 55, "[w]hen a party against whom a judgment for affirmative relief is sought has failed to plead or otherwise defend, and that failure is shown by affidavit or otherwise, the clerk must enter the party's default." Fed. R. Civ. P. 55(a). However, Rule 55 further provides that such an entry may be set aside upon a showing of "good cause." Fed. R. Civ. P 55(c). To determine whether "good cause" exists, courts consider three factors: (1) whether the party seeking to set aside the default engaged in culpable conduct that led to the default; (2) whether the party had no meritorious defense; and (3) whether the other party would be prejudiced. *U.S. v. Signed Pers. Check No. 730 of Yubran S. Mesle*, 615 F.3d 1085, 1091 (9th Cir. 2010).

## III. Discussion

Presently, Red Rock Defendants argue that they have meritorious defenses to Plaintiffs' claims, Plaintiffs will not be prejudiced by the setting aside of default, and the untimely Answer was a result of their confusion. (*See* Doc. 34 at 7–9). Plaintiffs disagree as to each point. (*See* Doc. 40). Given the strong preference for deciding cases on the merits, *Eitel v. McCool*, 782 F.2d 1470, 1472 (9th Cir. 1986) ("Cases should be decided

upon their merits whenever reasonably possible."), there is no need to consider this matter at length. However, the Court will address several contentions by the parties.

First, Red Rock Defendants' assertions as to culpable conduct are lackluster at best. Defendants claim that their late Answer was due to their "confusion" or "surprise" that this case was filed in the District of Arizona rather than Nevada. (Doc. 40 at 9). They further claim that, despite being in contact with Plaintiffs, they were not informed that default would be sought. (*Id.*) Lastly, they provide that there was confusion between Red Rock Defendants and their counsel as to when they were served, which caused the late Answer. (*Id.*)

At the outset, the Court notes that not a single one of these points is buttressed by corroborating declarations, affidavits, or other exhibit. (*See id.*). This shortcoming leaves the argument that there was confusion about when service was executed unsubstantiated and thus unavailing. Next, Red Rock Defendants "confusion" about the case being filed in the District of Arizona is equally unmoving. There is no claim that any Defendant failed to receive valid service of the Complaint and Summons that unambiguously inform a defendant where a case was filed. (*See* Docs. 1, 3). Notably, regardless of whether this case was brought in Arizona or Nevada, the time allotted for a defendant to respond to a complaint remains the same. *See* Fed. R. Civ. P. 12(a)(1). It is expected that parties are aware of the Federal Rules, so Defendants' claim of confusion falls flat. *See Dela Rosa v. Scottsdale Meml. Health Sys., Inc.*, 136 F.3d 1241, 1244 (9th Cir. 1998). Under this same rationale, Red Rock Defendants were aware that the lack of a timely answer could find them in default; Plaintiffs were not required to educate them on this fact. In short, Red Rock Defendants have not shown that the default was not a result of their culpable conduct.

All that said, although lacking detail and citations, Red Rock Defendants have shown that there is reasonable dispute as to the terms of Settlement Agreement and what was allowed under them. (*See* Doc. 42 at 7). They have claimed that their alleged conduct was permitted under the Agreement. (*Id.*) Thus, there are valid defenses that Defendants were not in breach of the Agreement, and disputes regarding contract terms should be

resolved through litigation. *TCI Group Life Ins. Plan v. Knoebber*, 244 F.3d 691, 700 (9th Cir. 2001) (noting that the burden to show a meritorious defense "is not extraordinarily heavy"). The Court recognizes that Plaintiffs claim this defense would be futile, but their argument ventures into factual disputes and contract interpretation issues that the Court will not take up at this time. (Doc. 40 at 9). Undoubtedly, the parties disagree with each other's assessment of this case, but resolving such conflicts here is improper.

Moreover, while the Court agrees that delay of any length is never ideal, the Court is unable to discern any tangible harm that it will cause Plaintiffs here. Given the early stage of this case, Plaintiffs general claims of fading memories and stale evidence is not sufficient to warrant resolving this matter through default. (*See id.* at 15).

In sum, Defendants have shown good cause for setting aside default, even if every consideration does not weigh in their favor. *Hawaii Carpenters' Tr. Funds v. Stone*, 794 F.2d 508, 513 (9th Cir. 1986) (explaining that the showing of a meritorious defense is the crucial factor in setting aside a default). "[J]udgment by default is a drastic step appropriate only in extreme circumstances; a case should, whenever possible, be decided on the merits." *Falk v. Allen*, 739 F.2d 461, 463 (9th Cir. 1984).

The Court will leave the parties with several points to bear in mind. First, the Court, in denying Defendants' Motion to Transfer, highlighted that the Motion was "wholly unsupported by any corroborating documentation" and lacked "almost entirely, any caselaw or authority to buttress their arguments." (Doc. 33 at 3). Thus, the Court found that Red Rock Defendants failed to meet their burden to show that transfer was required. (*Id.* at 4). Despite having received the Court's ruling on this matter, Red Rock Defendants' Motion to Set Aside Default and the Reply to it, once again, lacked any citation to any authority outside their legal standard section. (*See* Docs. 34, 42). Even more so, the briefing lacked any supportive exhibits or declarations. (*Id.*) Red Rock Defendants are forewarned that, moving forward in these proceedings, motions that are not appropriately supported by legal authority and, when necessary, supporting evidence, will be summarily denied. *See*, *e.g.*, *Mantra Band, LLC v. Circoli Inc.*, 2019 WL 8108728, at *4 (C.D. Cal.

2019) ("A movant's failure to provide relevant legal authority in support of their argument is grounds for denial."); *Park v. Cas Enter., Inc.*, 2009 WL 10671923, at *1 (S.D. Cal. 2009) ("Because Plaintiff does not provide any factual or legal support for this contention, Plaintiff fails to carry his burden on the motion.").

Next, in their Response, Plaintiffs make it clear that the parties have a contentious history that spans from the case in the Southern District of New York that led to the at-issue Settlement Agreement and the more recent Arizona state court action. Plaintiff anticipates discovery issues between the parties based on this history. (Doc. 40 at 15). To be clear, the Court expects all parties in this matter to conduct themselves with the requisite levels of professionalism. This includes prompt compliance with all discovery obligations. It should further be noted that meet and confer obligations are taken seriously by the Court. The parties should make real efforts to resolve any issues that arise and avoid burdening the Court's already busy docket with needless motions. Finally, all case deadlines will be strictly enforced.

With this in mind, the Court will be setting a Rule 16 Scheduling Conference in this matter, and thus the parties' Rule 26(f) report will be required. The Court is aware that there are several matters still pending but finds that none of them mandate the further delay of discovery.[1]

Accordingly,

**IT IS ORDERED** that Red Rock Defendants' Motion to Set Aside Default (Doc. 34) is **GRANTED**. The Entry of Default (Doc. 19) is **vacated**, and the Court will consider Red Rock Defendants' Answer timely filed.

/ / /

/ / /

/ / /

/ / /

[1] The Scheduling Conference will be set notwithstanding Toltz Defendants' Motion for Judgment on the Pleadings (Doc. 30), which only seeks judgment on the claims against them and is largely based on a failure to adequately plead, i.e. arguments that even if successful do not typically warrant a dismissal with prejudice.

**IT IS FURTHER ORDERED** that a Rule 16 Scheduling Conference will be set by separate order.

Dated this 9th day of October, 2026.

Honorable Diane J. Humetewa
United States District Judge